UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

ROBERT J. D'ONOFRIO,                                    NOT FOR PUBLICATION
                                                        **MEMORANDUM & ORDER**
                         Plaintiff,

    -against-                                           07-CV-0731 (CBA)

CITY OF NEW YORK, et al.,

                         Defendants.
---------------------------------------------------------------X
AMON, United States District Judge:

        Plaintiff Robert J. D'Onofrio ("Plaintiff") filed this action against his employer—the

NYPD, the City of New York, an employee of the NYPD—Lt. Patricia Feely, the New York

City Office of Labor Relations, a local union—Steamfitters' Union Local 638 ("Local"), four of

Local's individual officers, and an international union—the United Association of Journeymen

and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada

("United Association") (collectively "Defendants").  On August 15, 2007, United Association

filed this motion to dismiss the claims against it.  On August 22, 2007, the parties agreed to a

stay of this action pending the outcome of a parallel arbitration, and Magistrate Judge Lois

Bloom issued an order in accord therewith.  United Association's motion, however, was not

stayed by virtue of Magistrate Judge Bloom's order.  For the reasons stated below, United

Association's motion is granted.

I.      **Background**

        For the purposes of this motion, only a general overview of the allegations found in the

Complaint will be necessary.  Plaintiff alleges that the Defendants were parties to a collective

bargaining agreement governing Plaintiff's employment, and that the Defendants violated this agreement. More specifically, Plaintiff alleges that his employers terminated him in violation of the collective bargaining agreement and that Local and its officers failed to process his grievances. Plaintiff asserts five causes of action, based on 42 U.S.C. §§ 1983 and 1981 (for violations of procedural due process protected by the 5th and 14th Amendments, abuse of process, and conspiracy), municipal liability, New York State Civil Service Law § 75, and New York State Labor Law § 220.

Within the Complaint's 76 paragraphs and 12 pages, United Association is only explicitly referred to once, in paragraph 12, which is located in the section of the Complaint describing the parties. The paragraph alleges: "Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the US and Canada is the parent entity of Steamfitter's Local 638 and is responsible for Local 638's actions." (Compl. ¶ 12.) Additionally, the Complaint could be read to incorporate a generic reference to United Association among other defendants in three other places. The fourth cause of action arguably incorporates United Association by asserting that "[t]he unions failed to insure that the Plaintiff's rights were not abridged in accordance with the protections afforded the Plaintiff [by New York State Law]." (Compl. ¶ 70.) Likewise, the fifth cause of action is brought against "Defendants," which Plaintiff presumably intends to refer to all defendants, and therefore United Association. (Compl. ¶¶ 72-76.) Finally, in the prayer for relief, Plaintiff asserts that all Defendants are jointly and severally liable. United Association has moved to dismiss the Complaint on the basis that these allegations are insufficient to state a claim for relief against it under the standard for pleading required by Fed. R. Civ. P. 8(a)(2).

II.     **Motion to Dismiss Standard**

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a plaintiff is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Under the scheme envisioned by this Rule, a complaint serves merely to "give the defendant fair notice of what the...claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Therefore, to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint need not contain "detailed factual allegations." Bell Atlantic Corp. v. Twombly, __ U.S. ___, 127 S.Ct. 1955, 1964 (2007).

However, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (Courts "are not bound to accept as true a legal conclusion couched as a factual allegation.") Recently, the Supreme Court further refined what is required by Rule 8(a)(2), holding that at the motion to dismiss stage, a complaint will survive so long as it contains "enough facts to state a claim to relief that it plausible on its face." Twombly, 127 S.Ct. at 1974. Stated another way, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Id. at 1959. While this standard does require plausibility, it does not require probability, as "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." Id. at 1965. It is with this standard in mind that the Court turns to the allegations at issue here.[1]

---

[1]The Court is mindful that the Plaintiff appears *pro se*, and that it is therefore the Court's duty to apply "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, "proceeding *pro se* does not otherwise relieve a litigant from satisfying the usual pleading requirements." Antongorgi v. Bovena, 06-CV-5777(DLI)(LB), 2007 WL 2126096 at *2 (E.D.N.Y. July 24, 2007) (internal quotations omitted).

III.     **Discussion**

In light of the fact that Plaintiff has made no allegation of direct wrongful conduct by United Association, the only theory on which Plaintiff could recover from it would be vicarious liability on the basis of the wrongdoing alleged against Local.  However, liability of an intenational union for the acts of its local affiliates is limited to "cases when the [international] union may be found responsible according to the common-law rule of agency."  Carbon Fuel Co. v. United Mine Workers of Am., 444 U.S. 212, 216 (1979); see also Campbell v. Int'l Bhd. of Teamsters, 69 F. Supp. 2d 380, 386 (E.D.N.Y. 1999) ("It is well settled that an international union is not vicariously liable for the acts of a local union without an agency relationship between the international and the local union.")  Under these common law principles, "an agent is one who agrees to act on behalf of another, subject to the other's control."  Campbell, 69 F. Supp. 2d at 386.

Several cases have applied common law agency principles in the particular context of an international union and a local affiliate and have held that an agency relationship is not inherent in the mere affiliation between the international and local unions or by the international's oversight of the local:  "[I]t is well-settled that the mere exercise of supervisory powers is insufficient to render the affiliate union an agent of the international."  Rodonich v. House Wreckers Union Local 95 of Laborers' Int'l Union, 817 F.2d 967, 974 (2d Cir. 1987) (citing Coronado Coal Co. v. United Mine Workers, 268 U.S. 295, 300-01 (1925)).  Therefore, allegations of the formation of an agency relationship and control by the international union are necessary in each case.  See Perez v. Int'l Bhd. of Teamsters, No. 00CIV1983, 2002 WL 31027580 at *5 (S.D.N.Y. Sept. 11, 2002) ("Generally, an international union does not control

4

the actions of its local unions.").

In the absence of an agency relationship formed by agreement and control, "[a]n international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts." Phelan v. Local 305 of the United Ass'n of Journeymen, and Apprentices of the Plumbing and Pipefitting Indus. of the United States and Canada, 973 F.2d 1050, 1061-62 (citing Carbon Fuel Co., 444 U.S. at 217-18). Rather, ratification of the local's acts are necessary in order for an international to be liable. See Rodonich, 817 F.2d at 972-73. "[R]atification can only occur when the principal, having knowledge of the material facts involved in a transaction, evidences an intention to ratify it." Breen Air Freight, Ltd. v. Air Cargo, Inc., 470 F.2d 767, 773 (2d Cir. 1972).

In this case, Plaintiff has failed to allege a single fact that would support his claim for liability against United Association. As noted above, only one paragraph explicitly refers to United Association, and it is found in the section of the Complaint in which all of the defendants are being listed and described. (Compl. ¶ 12.) And, while this allegation does assert that United Association "is responsible for Local 638's actions," this is merely a "bare conclusion" that is not sufficient to state a claim for relief. See Leads, 85 F.3d at 55. Moreover, the other paragraphs cited above—which only generally refer to United Association as one of the defendants—do no better. The assertion that "[t]he unions failed to insure that the Plaintiff's rights were not abridged in accordance with the protections afforded the Plaintiff [by New York State Law]" (Compl. ¶ 70) is not supported by a single factual assertion anywhere in the Complaint. Similarly, the claim that United Association as a defendant joined with the other defendants to act in concert to harm plaintiff in the conspiracy alleged or should be held to be jointly and

severally liable for the alleged injury are simply conclusory allegations. (Compl. ¶¶ 72-76,

Prayer for Relief.) And while the Complaint does allege wrongdoing on the part of Local,

nowhere does it allege that United Association had knowledge of this wrongdoing, let alone facts

to indicate that it evinced an intention to ratify the acts in question.

In Plaintiff's Affidavit/Affirmation in Opposition to Defendant's Motion to Dismiss

("Pl's Aff."), he makes no argument that his Complaint states a claim for relief against United

Association.[2]  He does, however, assert that he "believes that the International's Constitution

might very well have limited Local Union 638's ability to mount a sustained defense of

Plaintiff." (Pl's Aff. at 2.)  First, as is made clear above, this assertion is not found in the

Complaint, and the Court is not permitted to rely on factual assertions made in a party's motion

papers when adjudicating a motion to dismiss. Friedl v. City of New York, 210 F.3d 79, 83 (2d

Cir. 2000) (noting that, in the motion to dismiss context, "a district court errs when it...relies on

factual allegations contained in legal briefs or memoranda."); Malin v. XL Capital Ltd., 499 F.

Supp. 2d 117, 129 (D. Conn. 2007) (stating that "district courts should decide [a] motion to

dismiss on the complaint alone, excluding additional evidence, affidavits, exhibits, and factual

allegations contained in legal briefs of memoranda," and listing the five well-settled exceptions,

not relevant here).  Moreover, as United Association correctly points out in its Motion (at 8), its

constitution has been considered by several courts and has been held not to create an agency

---

[2]The Court is under a duty to read a *pro se* litigant's supporting papers liberally, and interpret them to make the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  However, in this case Plaintiff has made no legal argument whatsoever that his Complaint meets the pleading requirements of Rule 8(a)(2).

relationship with its local affiliates.[3]  See, e.g., F.A. Villalba & Co. v. The United Association of

Journeymen and Apprentices of the Plumbing & Pipefitting Indus. of the United States and

Canada, 413 F. Supp. 94, 98 (W.D. Tex. 1976); see also York Division, Borg-Warner Corp. v.

The United Association of Journeymen and Apprentices of the Plumbing & Pipefitting Indus.,

473 F. Supp. 896, 901 (S.D. Fla. 1979) (quoting F.A. Villaba & Co.); see also Walters v. Int'l

Ass'n of Plumbers and Steamfitters, 323 F.2d 578, 579 (6th Cir. 1963) (holding that United

Association could not be held liable for the acts of one of its locals).  Therefore, this argument

fails.  The Court holds that Plaintiff's other arguments are without merit and that his Complaint

fails to state a claim upon which relief could be granted with respect to United Association.

IV.     **Conclusion**

For the reasons set forth above, United Association's Motion to Dismiss the Complaint is

granted.


SO ORDERED.

Dated: Brooklyn, NY
October 11, 2007

                                        Carol Bagley Amon
                                        United States District Judge

---

[3]In order for an agency relationship to be formed by virtue of the constitution alone, Plaintiff would "be required to demonstrate that the constitution of the United Association provides for all-pervasive control of the Local Union."  F.A. Villalba & Co., 413 F. Supp. at 98. There are not allegations in the complaint that would establish such control here.